UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Mark Falk |
| v. | : | Mag. No. 21-16173 |
| AIDA PEREZ | : | **CRIMINAL COMPLAINT** |

I, Special Agent Albert J. LaRocca, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Unites States Postal Service, Office of Inspector General, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

_____
Albert J. LaRocca, Special Agent
United States Postal Service
Office of Inspector General

Special Agent Albert J. LaRocca attested to this Complaint by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A), on June 8, 2021.

HONORABLE MARK FALK                    _____
CHIEF UNITED STATES MAGISTRATE JUDGE   Signature of Judicial Officer

1

## **ATTACHMENT A**

### COUNT ONE
(False Statement or Fraud to Obtain Federal Employees' Compensation)

From in or around November 2020, through in or around June 2021, in Union County, in the District of New Jersey, and elsewhere, the Defendant,

**AIDA PEREZ,**

did knowingly and willfully falsify, conceal, and cover up a material fact, and make a false, fictitious, and fraudulent statement and representation in connection with the application for and receipt of federal workers' compensation benefits, namely to the United States Department of Labor, Office of Workers Compensation Programs, and did thereby falsely obtain benefits in an amount exceeding $1,000.

In violation of Title 18, United States Code, Section 1920.

## **ATTACHMENT B**

I, Albert J. LaRocca, am a Special Agent with the United States Postal Service, Office of Inspector General ("USPS-OIG"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.  At all times relevant to this Criminal Complaint:

    a.  Defendant Aida Perez ("Perez") was a resident of Union County, New Jersey.

    b.  Perez was employed as a letter carrier for the United States Postal Service ("USPS") in Westfield, New Jersey.

    c.  The Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 1807 *et seq.*, provides compensation to federal employees for injuries sustained during the performance of their workplace duties. An employee may be disabled, and therefore eligible to collect FECA benefits, either due to a sudden, "traumatic injury" or due to a physical or mental condition that develops over time (an "occupational disease").

    d.  Under the statute, an employee who is totally disabled due to a workplace injury and is married or has one or more dependents is entitled to benefits equivalent to 75 percent of his federal salary during the period of his disability. An employee is totally disabled if, following his or her injury, the employee has no capacity to earn wages or work in any position. If an employee with dependents is only partially disabled, his or her FECA benefits are limited to 75 percent of the difference between his or her federal salary and his or her residual wage-earning capacity. FECA benefits are not subject to federal, state, or local income tax.

    e.  FECA benefits are administered by the Office of Workers' Compensation Programs ("OWCP"), a division of the Department of Labor ("DOL").

    f.  To receive FECA benefits, a federal employee who suffers a work-related traumatic injury must first complete, sign, and submit to the OWCP a form entitled "Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation" (a "Form CA-1"), as well as any supporting evidence, including medical documentation. The Form CA-1 requires the

3

employee to describe the nature of the injury for which she is seeking benefits and the circumstances under which she sustained it. By signing the Form CA-1, the claimant certifies, "under penalty of law," inter alia, that the injury upon which the claim is based "was sustained in performance of duty as an employee of the United States Government." Form CA-1 advises the employee who submits it that:

> Any person who knowingly makes any false statement, misrepresentation, concealment of fact or any other act of fraud to obtain compensation as provided by the FECA or who knowingly accepts compensation to which that person is not entitled is subject to civil or administrative remedies as well as felony criminal prosecution and may, under appropriate criminal provisions, be punished by a fine or imprisonment or both.

      g.    Upon the filing of a Form CA-1, the federal employer must continue the disabled employee's regular pay during any periods of disability, up to a combined maximum of 45 calendar days for any single injury. To obtain compensation beyond this 45-day period, the employee must file a "Claim for Compensation" (a "Form CA-7"). To receive benefits on a schedule that replicates her normal pay cycle, the claimant must generally file a new Form CA-7 every two weeks.

      h.    Section Three of the Form CA-7 requires the complainant to indicate whether he or she "worked outside of [his or her] federal job for the period(s)" for which benefits are claimed. The claimant is specifically directed to disclose "any and all earnings from employment . . .; including any employment for which (he or she] received a salary, wages, income, sales commissions, or payment of any kind," as well as "self-employment, odd jobs, involvement in business enterprises, [and] service with the military." Section Three of the Form CA-7 also cautions that "[f]raudulently concealing employment or failing to report income may result in forfeiture of compensation benefits and/or criminal prosecution."

      i.    Section Seven of the Form CA-7 requires the complainant to certify that the information provided in the Form CA-7 is true and accurate. Section Seven of the Form CA-7 also advises that "[a]ny person who knowingly makes any false statement, misrepresentation, concealment of fact, or any other act of fraud" to obtain FECA benefits is subject to civil or administrative remedies and criminal prosecution.

      2.    On or about November 18, 2020, Perez signed and certified a Form CA-1, in which she alleged she sustained an ankle sprain while performing her duties for the USPS on or about November 9, 2020.

4

3. From in or around January 2021 through in or around May 2021, Perez completed and filed with OWCP at least eight Forms CA-7 seeking compensation for periods of total disability. On each of the forms, Perez checked the box marked "No," when asked to report "any and all earnings from employment" outside of her federal job, including "payment of any kind," whether received from "self-employment, odd jobs, involvement in business enterprises," or military service during the period for which she was seeking FECA benefits. Each of the applications was granted.

4. During the investigation, law enforcement learned that despite her representations on the Forms CA-7, Perez operates a business from which she receives substantial income. For example, based on a review of information provided by Etsy, law enforcement learned that Perez controls an Etsy shop in the business's name that has received hundreds of orders totaling thousands of dollars since on or about November 9, 2020. In addition, based on a review of records provided by a financial institution, law enforcement confirmed that Perez's bank account received thousands of dollars in deposits from "Etsy Inc." during the relevant period.

5. Furthermore, on or about April 26, 2021, an undercover law enforcement officer (the "UC") called Perez to discuss the potential purchase of goods from Perez's business. During the call, which was recorded, Perez stated, among other things, that she is is a mail carrier and has been home since November because she "broke [her] foot," but that she "took advantage" and is "growing [her] little small business." In subsequent communications from in or around April 2021, through in or around May 2021, the UC coordinated to purchase party favors and other goods from Perez's business. On or about April 28, 2021, the UC paid Perez $245 for the goods, and on or about May 14, 2021, the UC received the goods from Perez.

6. As a result of the false representations that Perez made on Forms CA-7, Perez received more than $10,000 in federal workers' compensation benefits to which she was not entitled.[1]

---

[1] These payments included both payments made by DOL and continuation of pay payments made by USPS before DOL took over Perez's claim.